UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BEAVER KEITH GAMBLE,**

 **Plaintiff,**

v.              Case No: 8:11-CV-2531-T-27EAJ

**PINELLAS COUNTY PROPERTY
APPRAISER and PINELLAS COUNTY
BOARD OF COMMISSIONERS,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION

  Before the court is pro se Plaintiff's **Application to Proceed Without Prepayment of Fees and Affidavit** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

### Legal Standard

  The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) ) (per curiam) (citation omitted).

  Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

**Discussion**

Plaintiff's motion and complaint are incomplete. Plaintiff's motion must be denied because the affidavit of indigency is incomplete. Plaintiff's application indicates that he is currently employed, but his salary is listed as "$20.9569 [sic] biweekly." Plaintiff receives income from other sources, but the application does not reveal how much. Although Plaintiff owns property, the value of the property is not specified because Plaintiff states that it is in dispute. Plaintiff reports that he contributes $716.66 for the support of two dependants, but the application does not indicate how often he contributes this amount. Finally, the application does not list any monthly expenses or debts. Plaintiff must accurately list all sources of income and all financial obligations for the court to determine Plaintiff's ability to pay the cost of filing an action; the information provided here is insufficient.

Further, Plaintiff's complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure. Plaintiff's complaint is styled as a motion seeking a declaration that Title I of the Americans with Disabilities Act ("ADA") has been violated. The complaint does not contain any factual allegations, but it references an attachment. The attachment includes Equal Opportunity Employment Commission ("EEOC") forms averring that Plaintiff has physical impairments as a result of an unspecified disability and that the Pinellas County Property Appraiser

failed to take Plaintiff's disability into account when appraising his property. The attachment also includes, among other things, hand-written letters referencing a workers-compensation claim and an insurance claim.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Further, a complaint must be designated as such, and each claim of a complaint must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a), (b). Plaintiff's complaint as presently drafted fails to comply with these rules.

Before recommending dismissal of the case, Plaintiff shall have an opportunity to file an amended affidavit of indigency and an amended complaint. Martinez, 364 F.3d at 1308 n.7. However, Plaintiff must provide sufficient detail so that Defendants and the court can obtain a fair idea of Plaintiff's grievance and recognize that there is some legal basis for recovery. Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984).

Further, as a pro se litigant, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.[1] See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). As such, the amended complaint should contain facts and allegations that adhere to the requirements of the Federal Rules of Civil Procedure (and this court's Local Rules) regarding pleadings.

---

[1] The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review at www.law.cornell.edu/rules/frcp.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's **Application to Proceed Without Prepayment of Fees and Affidavit** (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint and an appropriate affidavit of indigency; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See Local Rule 3.10(a), M.D. Fla.

**Date: November 15, 2011.**

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge